UNITED STATES v. DODGE & OLCOTT.

(Circuit Court, S. D. New York. May 18, 1899.)

No. 2,526.

CUSTOMS DUTIES—ENFLEURAGE GREASE—ESSENTIAL OIL.

A concentrated essence produced by the enfleurage process, in which a variety of petroleum was used as the original solvent, is free of duty as "enfleurage grease," within the tariff act of 1894, par. 568, and not dutiable, under paragraph 60, as "essential oil."

Appeal by the United States from a decision of the board of general appraisers, which reversed the action of the collector of customs in assessing duty upon the merchandise in question.

J. T. Van Rensselaer, Asst. U. S. Atty.

Albert Comstock, for importers.

TOWNSEND, District Judge. The merchandise in question was assessed for duty at 25 per cent. ad valorem, under paragraph 60 of the tariff act of 1894, as "essential oil," and was claimed by the importers in their protest to be free of duty, under paragraph 568 of said act, as "enfleurage grease." The object of the enfleurage process is to carry the odor of flowers from the place where they grow to the place where the perfume is made. Among the various enfleurage processes is one whereby the flowers are either brought in contact with, or in close proximity to, some fatty or greasy matter,

94 F.—31

such as animal fats, vegetable oils, and certain preparations of petroleum, including vaseline. The fatty substance absorbs the odor from the flowers, and the absorbent or solvent may or may not be then removed by heat, leaving the body of perfume. This product is not then a completed product, in the sense that it is ready to be used by the ordinary consumer, but, when subjected by the perfumer to the influence of alcohol, the alcohol leeches out the perfume. The article in question is a highly concentrated essence or extract, produced by the enfleurage process, in which some variety of petroleum was used as the original solvent. After being subjected to heat, a mere undefined vestige of the petroleum remains, and the resultant product is described as the wax of the flower or a concentrated essence.

The counsel for the United States contends that it is not enfleurage grease. In support of his contention he shows that the term "grease" in the dictionaries ordinarily means the fat of land animals, and that there is a well-known substance commercially called "pomade,"—not to be confounded with the substance popularly known as "pomade,"—which consists of grease or fat impregnated with the odor of flowers, and which is enfleurage grease; while he contends that this concentrated concrete essence contains the essential oil of the perfume of the flower, and is therefore either an essential oil, as classified by the collector, or a manufactured article advanced to the condition of a concrete essence, and advertised and sold under that name in trade circulars. This contention is not successfully supported by the evidence. It appears from the various dictionary, encyclopedia, and dispensatory definitions that the term "grease" may include "oily or unctuous matters of any kind." But irrespective of these definitions, inasmuch as the witnesses for the government admit that vaseline is one of the solvents used in producing the pomade, which is admittedly an enfleurage grease, and that vegetable oils are used in making enfleurage grease, and inasmuch as the article in question is a grease in its physical character in the same sense as vaseline, and, furthermore, inasmuch as the preponderance of expert testimony is to the effect that this article is enfleurage grease, I think the decision of the board of appraisers should be affirmed. If the forcible argument of counsel for the United States that the article is not a grease were assumed to be correct in the sense that grease implies an animal origin or nature, then in view of the oily or greasy character of the article, and the fact that it contains the essential oil of the perfume from the flowers, some of the merchandise might perhaps be included under the head of the various oils mentioned in said paragraph 568 of the free list, such as oil of jasmine, etc., and therefore free as oils, if not free as enfleurage grease; or in view of the uncontradicted testimony of one of the importers that there is only a vestige of the petroleum remaining therein, and that the substance really consists of nothing but perfume and the wax of the flower, it might be free as "vegetable wax," under paragraph 668 of said act. The decision of the board of general appraisers is affirmed.